NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3381

LYNDA L. WIENS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: April 4, 2006

_____

Before NEWMAN, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Lynda Wiens ("Wiens") appeals from the final decision of the Merit Systems Protection Board (the "Board") sustaining her dismissal from the Department of the Treasury (the "Agency").  Wiens v. Dep't of the Treasury, No. SF-3443-04-0667-I-1 (M.S.P.B. Aug. 3, 2005).  We affirm.

## BACKGROUND

Wiens was formerly a phone assistor in the cold call unit of the compliance department at the Internal Revenue Service's Fresno campus.  Wiens v. Dep't of the Treasury, No. SF-3443-04-0667-I-1, slip op. at 1-2 (M.S.P.B. Nov. 19, 2004) ("Initial

Decision"). One of her responsibilities was to field "cold call" questions on various types of audits over the phone. Effective June 24, 2004, the Agency removed Wiens from her position based on a charge of absence without leave ("AWOL"), supported by 12 specifications consisting of 111 hours of AWOL over a month and a half-period from December 15, 2003, to January 30, 2004. Id. On each of the 12 occasions of AWOL that led to her removal, Wiens did not report for duty. Id., slip op. at 2. On one occasion, January 21, 2004, she told an acting supervisor that she did not feel well but did not contact her actual supervisor to request leave, as she was advised to do. Id. Because no leave was granted, she was charged with 10 hours of AWOL for that day. Id. On another occasion, Wiens requested that her scheduled day off be changed from January 30, 2004, to January 26, 2004, and that request was granted by her supervisor, Dawn Hall ("Hall"). Id. However, Wiens did not report for work on January 30, 2004, did not contact Hall or otherwise request leave, and was therefore charged with 10 hours of AWOL for that day. Id.

On the other 10 occasions (December 15, 16, 17, and 18, 2003, and January 14, 15, 20, 22, 27, and 29, 2004), Wiens did not report for duty. Id. On those days, she called in and left voice-mail messages for her supervisor that she was stranded on the highway, not feeling well, or would be a little late. Id. However, Wiens did not specifically request leave on any of those 10 occasions, and, with the exception of 9 hours granted to her on January 14th, 2004, none was granted, resulting in the accumulation of 111 hours of AWOL. Id. In addition, Wiens had no sick or annual leave available for her use on any of the dates in question. Id.

On February 12, 2004, the Agency notified Wiens that it was proposing to remove her for repeated AWOL, supported by the 12 specifications as well as two previous disciplinary actions she received for AWOL: a Letter of Reprimand dated September 24, 2002, and a five-day suspension effective June 23, 2003. The Agency then removed Wiens, effective June 24, 2004. She timely appealed to the Board.

The Administrative Judge ("AJ") sustained the Agency's charge and concluded that the penalty of removal was reasonable. Id., slip op. at 5-6. First, the AJ sustained the charge of repeated AWOL because Wiens did not dispute that she was absent on the day in question underlying the 12 specifications, and she did not request leave or have any leave to request on those days. Id., slip op. at 5. The AJ then rejected Wiens' arguments that she had requested leave without pay ("LWOP") instead of AWOL, and that the Agency did not properly grant her leave pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 5 U.S.C. § § 6381-87. Id., slip op. at 3-5. The AJ found that there was no indication that Wiens had requested LWOP, and even if she had, it was within the Agency's discretion not to grant it in light of her previous reprimand, five-day suspension, and four previous sick restriction letters. Id., slip op. at 3. The AJ also determined that Wiens had been granted more than the maximum amount of FMLA leave within the 12-month period preceding her termination, and thus the Agency's failure to grant additional FMLA leave was not unreasonable. Id., slip op. at 5.

In addition, the AJ rejected Wiens' argument that the Agency's failure to grant her FMLA leave was the reason for her earlier reprimand and suspension for AWOL. Id., slip op. at 4. The AJ observed that Wiens had applied for FMLA leave on February 26, 2002, and was approved for 200 hours of such leave for chronic migraine headaches.

Id. The AJ found, however, that Wiens did not apply for additional FMLA leave at the end of that 200-hour period, despite repeated notification and advice from her manager to do so. Id. The AJ then determined that Wiens received the Letter of Reprimand on September 24, 2002, only after the 200 hours of FMLA leave had expired. Id., slip op. at 4.

Finally, the AJ concluded that the penalty of removal was reasonable because one of the purposes of Wiens' position was "to unburden higher-graded tax examiners by having lower-graded clerical workers, such as [Wiens], act as phone assisters, fielding 'cold call' questions on numerous types of audits," and her repeated absences placed an undue burden on higher-graded personnel that affected the efficiency of the service. Id., slip op. at 6.

Wiens sought review by the full Board, the Board denied her petition, and the AJ's decision became the final decision of the Board. See 5 C.F.R. § 1201.113(b). Wiens timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Wiens argues that the Board failed to take into account her February

05-3381                                    -4-

26, 2002, request for FMLA leave, and that if she had been granted the 480 hours of FMLA leave at that time rather than the 200 hours which she did receive, she would not have incurred the charges that led to her removal. According to Wiens, her doctor advised her to take leave under FMLA and she submitted the required documentation to support 480 hours of FMLA leave on February 25, 2004. Wiens also contends that the Agency violated FMLA regulations when it approved only 200 hours of FMLA leave rather than the 480 hours she had requested in her FMLA application. In addition, Wiens asserts that the Agency violated her rights by using her FMLA entitlements "in a negative factor." Finally, Wiens argues that her employment records submitted to the Board were "inaccurate" and that "modifications" were made to her attendance records.

The government responds that the Board properly considered Wiens' request for FMLA leave in determining that her removal was reasonable. The government also argues that the Agency acted properly in addressing Wiens' request for FMLA leave in February 2002 because the doctor did not certify a number of hours for FMLA leave and she did not reapply for more FMLA leave after the 200 hours she was granted had expired. In addition, the government asserts that Wiens was not penalized for leave she took pursuant to the FMLA: her removal was based on excessive AWOL when she was not taking or entitled to FMLA leave. Finally, the government argues that there was no evidence in the record that the Agency's employment records for Wiens were inaccurate or that her attendance records had been modified.

We agree with the government that the Board did not fail to take into account Wiens' February 26, 2002, request for FMLA leave. The Board specifically considered her request for FMLA leave and found that the specifications of AWOL that led to her

removal occurred after she had exhausted the 200 hours of FMLA that was approved. Initial Decision, slip op. at 3-4.

We also agree with the government that the Agency did not act improperly in addressing Wiens' February 26, 2002, request for FMLA leave. 5 C.F.R. §§ 6310.1203(a)(4) provides that eligible federal employees are "entitled to a total of 12 administrative workweeks of unpaid leave during any 12-month period for . . . [a] serious health condition of the employee that makes the employee unable to perform any one or more of the essential functions of his or her position." However, an agency may require that a request for leave under § 631.1203(a)(4) "be supported by written medical certification," and also require "subsequent medical recertification on a periodic basis, but not more than once every 30 calendar days, for leave taken for purposes relating to . . . chronic conditions." 5 C.F.R. §§ 630.1207(a), (j) (2005).

Here, there is evidence in the record to suggest that Wiens initially requested 480 hours of leave in her February 26, 2002, application, and the Agency later determined that her request was for 200 hours. However, nothing in the FMLA regulations requires that agencies must grant 480 hours of FMLA leave for a 12-month period every time an employee applies for it. Moreover, Wiens' physician did not indicate a number of hours of FMLA leave in his medical certification. Thus, the Agency did not act improperly in granting Wiens 200 hours of FMLA leave, and then requiring Wiens to submit further medical certification for additional leave.

Further, there is no merit to Wiens' argument that she was not given notice when she had exhausted the 200 hours of FMLA leave. On March 5, 2002, Wiens received notice that she had been approved for 200 hours of FMLA leave. At the end of that

200-hour period in July 2002, Wiens was informed by her supervisor that she would need to provide a doctor's note in order to be recertified. See 5 C.F.R. § 630.1203(g) (2005) ("Each agency shall inform its employees of their entitlements and responsibilities under [the FMLA regulations], including the requirements and obligations of employees."). Even though Wiens was notified of the requirements for obtaining additional FMLA leave, she failed to reapply or re-certify. Thus, the Agency was entitled to consider Wiens' absences after her FMLA leave expired to be AWOL.

Finally, we reject Wiens' argument that the Board violated her rights by using her FMLA entitlements "in a negative factor." Wiens was not penalized for leave she took pursuant to the FMLA. Rather, the Agency removed Wiens based on her repeated occasions of AWOL when she was not taking or entitled to FMLA leave. There is also no evidence to support Wiens' assertion that her employment records were inaccurate and her attendance records were modified. Whether the records were accurate is a credibility determination based on conflicting testimony, and we defer to the trier of fact on that issue. See Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (credibility determinations "virtually unreviewable" on appeal). Here, there is no evidence in the record that the employment records were inaccurate or that the attendance records had been modified. Therefore, we conclude that the Board's determination that the records were accurate was not "unsupported by substantial evidence."

We have considered Wiens' remaining arguments and find them unpersuasive. We therefore affirm the Board's decision.